UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WATTS REGULATOR COMPANY,<br><br>Plaintiff<br><br>v.<br><br>BRASS CRAFT MANUFACTURING COMPANY,<br><br>Defendant. | 04CV11927 GAO<br><br>Civil Action No.<br><br>MAGISTRATE JUDGE JLA |

RECEIPT # 58390
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TDM
DATE 9/2/04

**COMPLAINT & JURY TRIAL DEMAND**

Plaintiff Watts Regulator Company, ("Watts") by its attorneys, and for its Complaint against Defendant Brass Craft Manufacturing Company ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This is an action by Watts for a Declaratory Judgment that Defendant has no enforceable trade dress rights in the colors blue and yellow, and that Watts does not falsely designate the origin of its goods and does not unfairly compete with Defendant. This action arises under the Lanham Act (15 U.S.C.) and the Declaratory Judgment Act.

## PARTIES

2. Plaintiff Watts is a Massachusetts corporation having its principal place of business at 815 Chestnut Street, North Andover, Massachusetts 01845.

3. On information and belief, Defendant, Brass Craft Manufacturing Company, is a corporation organized and existing under the laws of Michigan and having a principal place of business at 39600 Orchard Hill Place, Novi, Michigan 48375-5331.

1

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

4. This is an action for declaratory judgment arising under the United States Lanham Act (15 U.S.C.). This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 2201-2002.

### Personal Jurisdiction and Venue

5. This Court has personal jurisdiction over Defendant, and Defendant comes within the scope of the Massachusetts long-arm statute, M.G.L. Ch. 223A: § 3, at least because Defendant regularly transacts business in the Commonwealth and/or contracts to supply things in the Commonwealth and/or has otherwise engaged in persistent conduct in this Judicial District.

6. Venue is proper in this district under 28 U.S.C. § 1391 because, inter alia, a substantial part of the events that give rise to the claims in this action occurred in this District and the Defendant is subject to personal jurisdiction in this District.

## BACKGROUND AND CHRONOLOGY

7. Watts is a manufacturer of products for use in the commercial and residential plumbing markets.

8. Watts sells certain products in packaging bearing a medium blue colored background with contrasting bright yellow text.

9. On March 11, 2004 Defendant, though its outside counsel, sent Watts a cease and desist letter (hereinafter the "March Cease and Desist Letter" which is attached hereto as Exhibit A) asserting that Defendant owns trade dress rights in the colors blue and yellow in relation to plumbing-related products.

10. In the March Cease and Desist Letter, Defendant accused Watts of copying its trade dress and asserted that Watts's use of blue and yellow "violates the United States unfair competition laws" and is likely to "cause the public to mistakenly assume that [Watts's] products originate from, are sponsored by, or are in some way associated with [Defendant]."

11. After Watts responded to the March Cease & Desist Letter explaining that it did not believe that it engaged in any actionable conduct, Defendant, through its outside counsel, sent a further letter to Watts ("Second Cease & Desist Letter" which is attached hereto as Exhibit B) again asserting violation of Defendant's rights and accusing Watts of bad faith in selection of its trade dress and seeking response within ten days. Defendant resent this letter on August 6, 2004 seeking response.

12. Defendant's March Cease and Desist Letter and Second Cease & Desist Letter have created in Watts a reasonable apprehension of suit by Defendant in connection with Watts's use of the colors blue and yellow on certain product packaging and/or product promotional items.

13. There is an actual and justiciable controversy between Watts and Defendant concerning the validity and enforceability of the Defendant's alleged trade dress rights in the colors blue and yellow.

## COUNT I - Declaratory Judgment That Defendant Has No Valid Trade Dress Rights In The Colors Blue And Yellow

14. The allegations of paragraphs 1-13 are repeated and realleged as if fully set forth herein.

15. Defendant does not have enforceable trade dress rights in the use of the color yellow on a blue background.

16. Defendant does not have enforceable trade dress rights in the colors blue and yellow.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Watts requests the declaration of the Court that Defendant owns no enforceable trade dress rights in the colors blue and yellow.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Watts requests the declaration of the Court that Defendant owns no enforceable trade dress rights in use of the color yellow on a blue background.

## COUNT II - Declaratory Judgment That Watts Does Not Falsely Designate The Source Of Its Goods, And Does Not Unfairly Compete With Defendant

19. The allegations of paragraphs 1-18 are repeated and realleged as if fully set forth herein.

20. Watts's use of a medium blue colored background with contrasting yellow text does not falsely designate the source of Watts's goods and does not constitute unfair competition with Defendant.

21. Watts's use of blue and yellow does not falsely designate the source of Watts's goods and does not constitute unfair competition with Defendant.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Watts requests the declaration of the Court that its use of a medium blue background and contrasting yellow colored text does not falsely designate the source of Watts's goods, and does not constitute unfair competition with Defendant.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Watts requests the declaration of the Court that its use of blue and yellow does not falsely designate the source of Watts's goods, and does not constitute unfair competition with Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Watts prays that this Court:

A.  Adjudge and decree that the colors blue and yellow as used by Defendant are invalid and unenforceable as trade dress.

B.  Adjudge and decree that Watts's use of a medium blue background and contrasting yellow colored text does not falsely designate the source of Watts's goods, and does not constitute unfair competition with Defendant.

C.  Adjudge and decree that Watts's use of blue in combination with yellow does not falsely designate the source of Watts's goods, and does not constitute unfair competition with Defendant.

D.  Declare this case exceptional under 15 U.S.C. § 1117(a) and award Watts its reasonable attorneys' fees and expenses;

E.  Award Watts its costs incurred in this action; and

F.  Grant Watts such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Watts requests trial by jury on all issues so triable.

Dated: September 2, 2004

Cynthia Johnson Walden (BBO # 638,622)
Nicole E. Gage (BBO # 633,219)
Amy L. Brosius (BBO # 656,521)
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070

Attorneys for Plaintiff
WATTS REGULATOR COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   __WATTS REGULATOR COMPANY v. BRASS CRAFT MANUFACTURING COMPANY__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   \*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐  NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Nicole E. Gage (BBO # 633,219)__
ADDRESS __Fish & Richardson P.C., 225 Franklin Street, Boston, MA 02110-2804__
TELEPHONE NO. __(617) 542-5070__

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WATTS REGULATOR COMPANY

**DEFENDANTS**
BRASS CRAFT MANUFACTURING COMPANY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorneys (Firm Name, Address, and Telephone Number)
Nicole E. Gage (BBO# 633,219)
Fish & Richardson P.C. (Boston)
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury--- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory Judgment pursuant to 28 U.S.C. Section 2201 of no enforceable trade dress and no false designation of origin or unfair competition under 15 U.S.C.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

Demand: $ _____

CHECK YES only if demanded in Complaint
**JURY DEMAND** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See Instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: September 2, 2004

SIGNATURE OF ATTORNEY OF RECORD: /s/ Nicole E. Gage

TYPE NAME OF ATTORNEY: Nicole E. Gage

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____